**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 28, 2022.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT ORAN NOLL & | § | CASE NO. 22-50065-MMP |
| MIRIAM NOLL, | § | |
| | § | |
| DEBTORS. | § | CHAPTER 13 |
| | § | |
| VERNER AARON NOLL, INDIVIDUALLY, | § | |
| AND ON BEHALF OF NOLL FAMILY | § | |
| INVESTMENTS, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | ADVERSARY NO. 22-05014-MMP |
| | § | |
| SCOTT ORAN NOLL, MIRIAM NOLL, | § | |
| LAURA CAIN & GERALD WAYNE SEEGER, | § | |
| | § | |
| DEFENDANTS. | § | |

1

**OPINION**

## I. INTRODUCTION.

Defendants Laura Cain and Gerald Seeger ("Cain and Seeger") move to remand this proceeding to the 274th District Court, Comal County, Texas ("State Court") under 28 U.S.C. § 1452 ("Motion," ECF No. 6).[1] After carefully considering the evidence and arguments, the Court denies the Motion.

## II. JURISDICTION AND VENUE.

The Court has jurisdiction under 28 U.S.C. § 1334(b).[2] This matter is a core proceeding under § 157(b)(2)(A) and (O), allowing this Court to enter final judgments. If this proceeding is not a core proceeding, this opinion will serve as this Court's findings of fact and conclusions of law.

## III. BACKGROUND.

A little over a year ago, Verner Aaron Noll, individually and on behalf of Noll Family Investments, LLC ("Verner"),[3] filed suit ("Suit")[4] in State Court against debtors Miriam Noll and Scott Noll (collectively, "Nolls") and Laura Cain. Verner subsequently amended the State Court petition to add Gerald Seeger as a defendant. ECF No. 1 at 298. The Suit now asserts these causes of action: (1) a suit to quiet title, (2) violations of section 12.002 of Texas Civil Practice and Remedies Code, (3) breach of fiduciary duty, (4) conversion, (5) violations of the Texas Theft Liability Act, (6) unjust enrichment, (7) wrongful eviction, and (8) civil conspiracy. *Id.* at 303–08.

---

[1] Unless otherwise indicated, all citations are to the docket in Adversary Proceeding No. 22-05014-mmp and will take the form "ECF No. _."
[2] Unless otherwise indicated, all section references are to title 28 of the United States Code.
[3] The Court uses Mr. Noll's first name to distinguish him from the debtor defendants.
[4] The State Court action is styled *Noll v. Noll*, No. C2021-0480C (274th Dist. Ct., Comal County, Tex.).

The parties have completed discovery. Cain and Seeger have moved for partial summary judgment in the Suit. *Id.* at 422.

The Nolls filed a voluntary petition for relief under chapter 13 of the Code[5] on January 25, 2022.[6] Less than 30 days later, Verner removed the Suit from State Court to this Court, launching this proceeding. ECF No. 1 at 1. Verner filed a jury demand in the Suit. *Id.* at 3.

While the automatic stay was in effect and after a Notice of Suggestion of Bankruptcy had been filed in the State Court, a State Court judge entered either minute orders or notes on the State Court docket showing how the judge might or did rule on a defensive motion for partial summary judgment.

Cain and Seeger do not consent to this Court's entry of final orders or judgments. ECF No. 4. The Nolls consent to this Court's entry of final orders or judgments but dispute the core nature of the Suit.[7] ECF No. 5. Verner consents to this Court's entry of final orders or judgments. ECF No. 1 at 5.

Cain and Seeger timely filed this Motion seeking to have the Suit remanded to State Court on equitable grounds. ECF No. 6. Cain and Seeger contend that these considerations favor remand: (1) Texas issues predominate the Suit, (2) comity with the State Court, (3) respect for Texas law, (4) judicial economy, (5) the Suit began in State Court, (6) the Suit has been extensively litigated, (7) the State Court has more familiarity with the Suit, and (8) no parties will be prejudiced by remand of the Suit. *Id.* at 2–4.

---

[5] "Code" means title 11 of the United States Code.
[6] Case No. 22-50065-mmp, ECF No. 1.
[7] At the hearing on the Motion, the Nolls' counsel orally confirmed that the Nolls consented to this Court's entry of final orders or judgment, despite the Nolls' non-positional stance in their Federal Rules of Bankruptcy Procedure Rule 9027(e)(3) statement.

Verner timely filed a proof of claim for $999,999, which attaches Verner's Second Amended Original Petition. Case No. 22-50065, Claim No. 17-1. At face value, Verner's unliquidated, unsecured claim represents 95% of the total scheduled unsecured claims. If liquidated at the amount asserted, Verner's claim will eclipse all other unsecured claims and might make the Nolls ineligible for relief under chapter 13 of the Code. 11 U.S.C. § 109(e). Despite several amendments to their schedules, the Nolls have failed to schedule Verner's pivotal claim.

Verner timely responded to the Motion and argued that the Court should not remand for various reasons, including that Verner intended to file an adversary proceeding to determine the dischargeability of the Nolls' obligations to Verner under § 523 of the Code ("Dischargeability Adversary"). ECF No. 9. Then Verner filed the promised Dischargeability Adversary.[8]

After taking evidence and hearing argument on the Motion from Verner, the Nolls, and Cain and Seeger, the Court took this matter under advisement.

### IV. DISCUSSION.

#### A. Mandatory Abstention.

Although Cain and Seeger specifically did not ask the Court to mandatorily abstain under § 1334(c)(2), they did assert that mandatory abstention applied. ECF No. 6 at 3. The Court disagrees. Three of the elements of mandatory abstention are not met.

Section 1334(c)(2) governs mandatory abstention and provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

---

[8] *Noll v. Noll*, Adversary No. 22-05032-mmp (Bankr. W.D. Tex. 2022).

4

§ 1334(c)(2). For mandatory abstention to apply, the Fifth Circuit has interpreted this statute to require the following: (1) a timely motion for mandatory abstention, (2) each claim has no independent basis for federal jurisdiction, other than 28 U.S.C. § 1334(b), (3) each claim is non-core in nature, (4) an action has been commenced in state court, and (5) the action could be adjudicated timely in state court. ***Cadle Co. v. Moore (In re Moore)***, 739 F.3d 724, 728–29 (5th Cir. 2014) (quoting ***Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)***, 483 F.3d 292, 300 (5th Cir. 2007)). If these five requirements are met, a court must abstain. ***Lain v. Watt (In re Dune Energy, Inc.)***, 575 B.R. 716, 726 (Bankr. W.D. Tex. 2017) (citing ***WRT Creditors Liquidation Tr. v. C.I.B.C. Oppenheimer Corp.***, 75 F. Supp. 2d 596, 613 (S.D. Tex. 1999)).

The first requirement (timely motion) is not met because no parties to the Suit, including Cain and Seeger, moved for mandatory abstention. Instead, Cain and Seeger filed the Motion seeking remand. Cain and Seeger emphasized that the Motion sought only remand based on equitable grounds and that they were not seeking mandatory abstention.

The second requirement (jurisdictional basis) is met because each claim relies solely on § 1334(b) for jurisdiction. § 1334(c)(2). There is no diversity or federal question jurisdiction.

The third requirement examines the core nature of each claim asserted. Mandatory abstention does not apply to core proceedings. A proceeding is core if it invokes a substantive right provided by the Code or if the proceeding could not exist outside the bankruptcy context. ***Wood v. Wood (Matter of Wood)***, 825 F.2d 90, 97 (5th Cir. 1987). Nothing in Verner's Second Amended Petition "[i]nvokes a substantive right provided by [the Code] . . . " or "[c]ould arise only in the context of a bankruptcy case." *Id.* The Suit existed for about a year before the Nolls filed bankruptcy, suggesting all the claims asserted are not constitutionally core in nature.

5

Verner, however, filed a proof of claim (based on causes of action asserted in the Suit), suggesting that the third requirement is not met because the claims in the case are at least statutorily core. *See id* ("[A] claim filed against the estate is a core proceeding because it could arise only in the context of bankruptcy."); § 157(b)(2)(B) (providing that a proceeding on the allowance or disallowance of claims is core). *But see* **Exec. Benefits Ins. Agency v. Arkison**, 573 U.S. 25, 34–36 (2014) (explaining that a statutorily core claim can be constitutionally non-core). Under a mandatory abstention analysis, however, the actual core nature of each claim does not matter where a claimant filed a proof of claim, because even non-core proceedings arising under § 157(b)(2)(B) are not subject to the mandatory abstention provisions of § 1334(c)(2). § 157(b)(4). Thus, the third requirement is not met.

The fourth requirement (suit started in state court) is satisfied because the Suit was originally started in State Court.

The fifth requirement (evidence of timely adjudication) is not met. Cain and Seeger did not introduce any evidence that the State Court could timely adjudicate the Suit. Naked assertions that a dispute can be timely adjudicated in state court do not satisfy this requirement. ***In re Dune Energy, Inc.***, 575 B.R. at 729 (citing ***WRT Creditors Liquidation Tr.***, 75 F. Supp. 2d at 605–06).

Mandatory abstention does not apply because all of its elements are not met.

### B. *Permissive Abstention and Equitable Remand.*

This Court may remand the Suit to State Court under two equitable doctrines: permissive abstention and equitable remand. *See* §§ 1334(c)(1), 1452(b); *see also* **In re Southmark Corp.**, 163 F.3d 925, 929 (5th Cir. 1999) (holding abstention can apply to removed, as well as original, proceedings). Section 1334(c)(1) (permissive abstention) provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in

6

>  the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

§ 1334(c)(1). Section 1452(b) governs equitable remand and provides that a court to which a suit is removed under § 1334 may remand that suit on any equitable ground. § 1452(b). These statutes give the Court broad discretion to abstain from and remand state court proceedings in the interests of justice, comity, and on equitable grounds. ***In re Dune Energy, Inc.***, 575 B.R. at 731 (citing ***Gober v. Terra + Corp. (Matter of Gober)***, 100 F.3d 1195, 1206 (5th Cir. 1996)).

Cain and Seeger invoke equitable remand. The Court will consider equitable remand and permissive abstention together because similar equitable considerations animate both.

Courts in the Fifth Circuit rely on a fourteen-factor test when determining whether to equitably remand a lawsuit.[9] *Id*. The non-exhaustive list of factors to consider includes: (1) the effect of remand, or lack thereof, on the efficient administration of the estate, (2) how often state-law issues predominate over bankruptcy issues, (3) the difficult or unsettled nature of applicable law, (4) the presence of a related proceeding started in state court or other nonbankruptcy proceeding, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness to the main bankruptcy case, (7) the substance, rather than the form, of an asserted core proceeding, (8) the feasibility of severing state-law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's docket, (10) the likelihood that the start of the proceeding in bankruptcy court involves forum-shopping by one of the parties, (11) the existence of a right to a jury trial, (12) the

---

[9] One court has expressed some discomfort with the use of such multifactor tests to reach a reasoned judgment. ***IO AT Tech Ridge, LP v. Hartford Fire Ins. Co. (In re IO AT Tech Ridge LP)***, Case No. 17–11540, Adversary No. 18–01015, 2018 WL 2431640, at *6 n.64 (Bankr. W.D. Tex. May 3, 2018) ("As a lawyer, I liked multi-factor tests; I was spared the need to outline my brief. As a judge, now five years in, I still fail to see how they provide a reasoned basis for a decision.").

presence in the proceeding of non-debtor parties,[10] (13) comity, and (14) the possibility of prejudice to other parties in the action. *Id.* at 731–32 (citing **Regal Row Fina, Inc. v. Wash. Mut. Bank FA**, No. Civ.A. 3:04–CV–1033, 2004 WL 2826817, at *8 (N.D. Tex. Dec. 9, 2004)). Courts are cautioned not to apply these factors rigidly, as their relevance and importance will vary with the particular facts of each case, and no one factor is necessarily dispositive. **In re IO AT Tech Ridge LP**, 2018 WL 2431640, at *6; *see* **Official Comm. of Unsecured Creditors of Schlotzsky's, Inc. v. Grant Thornton, L.L.P. (In re Schlotzsky's, Inc.)**, 351 B.R. 430, 435 (Bankr. W.D. Tex. 2006) ("The various tests offered by these opinions must be viewed in the larger context of the task presented—to arrive at the equitable application of the permissive abstention doctrine, as appropriately applied in the bankruptcy context.").

### a. Factors Favoring Retention.

Verner's most compelling retention arguments raise the likely effect the Suit will have on the administration of the Nolls' bankruptcy case, the importance of the determination of Verner's claim to the Nolls' reorganization, and the relatedness of the Dischargeability Adversary to this proceeding. The first factor (efficient administration of the estate) weighs heavily in favor of retention. Verner's Dischargeability Adversary and the possibility of inconsistent judicial outcomes drive much of the Court's consideration related to this factor. Because the Dischargeability Adversary and the Suit have the same core nucleus of operative facts, determinations made about causes of action[11] in the Suit must likewise be tried in the Dischargeability Adversary. If the Court were to remand the Suit, it would create the possibility

---

[10] This factor appears to assume that the removing party would be a defendant, which is not the case here.
[11] Determinations related to the propriety of the transfer of the property, located at 1150 Live Oak Dr., Spring Branch, Texas 78070, directly implicate the Suit's causes of action for (1) violations of section 12.002 of the Texas Civil Practice and Remedies Code, (2) conversion, (3) violations of the Texas Theft Liability Act, and (4) wrongful eviction, which overlap with the Dischargeability Adversary transfer propriety determination. ECF No. 1 at 304–07.

of inconsistent findings and conclusions between the remanded Suit (in State Court) and the Dischargeability Adversary (in bankruptcy court). The Dischargeability Adversary is core and exists only in bankruptcy court. Therefore, remand of the Suit could create potentially inconsistent judicial results.

Verner's proof of claim triggers a contested matter to be determined by this Court. 11 U.S.C. §§ 501, 502; Fed. R. Bankr. P. 3002, 9014. A core function of a bankruptcy court is to allow or disallow claims asserted against a debtor. § 157(b)(2)(B). Like the Dischargeability Adversary, Verner's claim will likely determine the path of the Nolls' bankruptcy case, whether it is determined in the context of a claim allowance contested matter or in the framework of the current adversary proceeding.

Remand of the Suit would require modification of the automatic stay to allow the Suit to proceed in state court, while retention of the Suit would allow this Court to control the proceedings outside the need for relief from the automatic stay.

Thus, retention of the Suit promotes maximum judicial efficiency and administration of the estate (allowing a single court to determine the common issues in the Suit, the Dischargeability Adversary, the claim allowance contested matter, and a stay determination) and prevents the possibility of inconsistent outcomes.[12]

The fourth factor (presence of related proceeding) favors retention. Given their common nucleus of operative facts and overlapping causes of action, Verner's Dischargeability Adversary is best tried by the same court that tries the Suit. Moreover, Verner's claim represents the largest unsecured claim by far against the Nolls and appears to be the triggering event behind the Nolls'

---

[12] The Court recognizes but places little weight on the fact that non-consent of one of the parties to this Court's rendering final orders will require the District Court's de novo review of this Court's findings of fact and conclusions of law. The process of making the determinations is made no less efficient by allowing such review.

bankruptcy filing. Resolution and treatment of Verner's claim will drive and determine the success of the Nolls' plan of reorganization.

The sixth factor (degree of relatedness or remoteness) favors retention. The outcome of the Dischargeability Adversary will likely determine whether the Nolls can successfully reorganize. *See Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, Civ. Action No. H-08-1815, 2008 WL 4330897, at *5 (S.D. Tex. Sept. 18, 2008) (finding against abstention or remand where the claims in the proceeding concerned a transaction that created the debtor's largest debt and were closely related to the main bankruptcy case). If Verner, as the Nolls' largest creditor, prevails in the Suit and the Dischargeability Adversary, any recovery by Verner would affect the ability of the Nolls to reorganize and the administration of the Nolls' bankruptcy case.

The third factor (nature of applicable law) supports retention. The Suit does not raise novel issues of state-law, which are perhaps better fleshed out in state court. The nature of the applicable law in the Suit is not all that difficult. *See In re Special Value Continuation Partners, L.P. v. Jones*, Adversary No. 11–3304, 2011 WL 5593058, at *10 (Bankr. S.D. Tex. Nov. 10, 2011) (explaining that a proceeding involving only claims well settled in Texas law supports retention). This Court can, and regularly does, decide state law questions, particularly concerning contested claims. *See, e.g.*, *In re Schlotzsky's, Inc.*, 351 B.R. at 436–37 (noting that "[m]any of the legal issues which confront a bankruptcy court . . . " are grounded in state law and holding that, despite involving issues of state law, there was "[l]ittle in either the nature of the action brought, or the decisional law controlling the action, that call[ed] for abstention to avoid an injustice."). Cain and Seeger have identified no reason why this Court can't resolve the issues presented in the Suit.

The seventh factor (substance of proceeding) favors retention. Allowance or disallowance of Verner's claim is a core bankruptcy function.

The ninth factor (burden on the court's docket) favors retention. Based on the evidence presented, the Suit will not burden this Court's docket. The current low level of bankruptcy case filings in this Court will allow the Court to swiftly get the parties to trial. Cain and Seeger presented no evidence that the State Court's docket is more or less congested than this Court's docket. *See Hous. Baseball Partners LLC v. Comcast Corp. (In re Hous. Reg'l Sports Network, L.P.)*, 514 B.R. 211, 216 (Bankr. S.D. Tex. 2014).

The eleventh factor (jury trial) favors retention. Despite his assertion of a jury demand in the Suit, Verner filed a proof of claim, and thus waived any right to a jury trial in bankruptcy court. *See Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) (holding that filing a proof of claim waives the right to a jury trial); *Schmidt v. AAF Players, LLC (In re Legendary Field Exhibitions, LLC)*, Case No. 19-50900, Adversary No. 19-05053, 2020 WL 211409, at *4 (Bankr. W.D. Tex. Jan. 13, 2020) ("[P]laintiffs lost their right to a jury trial in this Court as a result of their own action–filing a proof of claim."). Non-jury trials by their nature proceed quicker than jury trials, which will allow this Court to proceed quicker than the State Court (where Verner has a pending jury-trial demand). The quicker proceeding will also allow the Nolls to more quickly determine their eligibility for relief in chapter 13 and the feasibility of any plan of reorganization they might propose.

### b. *Factors Favoring Abstention and Remand.*

The second, fifth, and twelfth factors favor remand. Of these factors, the Court weighs most heavily the presence of non-debtor parties who have not consented to the Court's entry of final orders and judgments.

The twelfth factor (existence of non-debtor parties) favors remand, because Cain and Seeger are non-debtors. *See Rodriguez v. Schmidt (In re Rodriguez)*, Case No. 10-70606,

11

Adversary No. 21-7005, 2021 WL 4562254, at *4 (Bankr. S.D. Tex. Oct. 5, 2021) ("[P]resence of non-debtors weighs in favor of the remand."). The Court notes, however, that depending on the outcome of the Suit, Cain and Seeger, like Verner, may also have to assert claims against the Nolls to preserve them. If Verner succeeds in the Suit, Cain and Seeger may have indemnification claims against the Nolls. Cain and Seeger would have to file proofs of claim in this Court to preserve any indemnification claims, which would bring Cain and Seeger into bankruptcy court anyway (like most creditors, involuntarily), which would tend to favor retention. Concerns about dragging non-debtor parties into bankruptcy court are thus mollified by the fact that those parties may have to assert claims in bankruptcy court anyway to protect their interests.

The second factor (predominant issues) favors remand. The Suit includes only state-law claims. *See **Veldekens v. GE HFS Holdings, Inc. (In re Drs. Hosp. 1997, L.P.)***, 351 B.R. 813, 848 (Bankr. S.D. Tex. 2006) (observing that an adversary proceeding involving only state-law claims supports permissive abstention). Even so, the Court must weigh this against the effect of the Dischargeability Adversary (given its common nucleus of operative facts) and the Court's need to resolve the proof of claim filed by Verner.

The fifth factor (jurisdictional basis) favors remand. Neither diversity nor federal question jurisdiction exists. *See* 28 U.S.C. §§ 1331–32. Instead, jurisdiction depends solely on § 1334. *See **Collins v. Sydow (In re NC12, Inc.)***, 478 B.R. 820, 840 (Bankr. S.D. Tex. 2012) (finding sole reliance on § 1334 for federal jurisdiction favors remand).

### c. *Neutral and Non-Applicable Factors.*

The eighth factor (severance of state-law claims) does not apply because all of the claims arise under state law.

The tenth factor (forum-shopping) is neutral. "For forum-shopping to become a significant factor . . . , it must rise to a level demonstrating an attempt to abuse or manipulate the judicial process." *In re Schlotzsky's, Inc.*, 351 B.R. at 436. The facts do not show any attempt to abuse or manipulate the judicial process. Typically, a defendant seeks to remove a proceeding from a venue selected by a plaintiff. Verner, the plaintiff, removed the Suit when the Nolls filed for bankruptcy. Verner could not have selected this venue any sooner or absent the bankruptcy filing of the Nolls, and Cain and Seeger have not suggested or shown any inappropriate forum-shopping.

The thirteenth factor (comity) is neutral. No novel state law issues involving countervailing state interests exist and the Suit is being removed by the same party that filed it. No trial date was set by the State Court. While each is important to consider, the completion of discovery and the need to refile dispositive motions do not significantly favor remand. A State Court judge's entry of minute orders or notes, possibly violating the automatic stay, need not be addressed in a retained proceeding, as those actions will be moot. Those actions would need to be addressed in the event of remand, however, which may slightly tip the balance in favor of retention.

Finally, the fourteenth factor (possibility of prejudice) is neutral. No party has shown it would suffer prejudice based on the Court's ruling on the Motion. The parties submitted no evidence of any prejudice they might suffer as a result of retention or remand.

Appropriately weighing each of the fourteen permissive abstention/equitable remand factors leads the Court to conclude that retention is in the best interest of the parties.

### V. CONCLUSION.

The Court concludes that (1) mandatory abstention under § 1334(c)(2) does not apply, and (2) permissive abstention under § 1334(c)(1) or equitable remand under § 1452(b) are not

warranted. The Motion is thus denied. The Court will enter a separate order consistent with this ruling.

# # #